The document below is hereby signed.

Signed: July 11, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
MARCUS E. L. WILBANKS, JR.,        )   Case No. 10-00653
                                   )   (Chapter 13)
           Debtor.                 )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

         MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
      TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
     REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

On his Exhibit D to the voluntary petition, the debtor checked the box requesting a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances. In describing the exigent circumstances that merit a temporary waiver, the debtor states "immediated [sic] foreclosure sale of my home, will take class expeditiously." The debtor's representation suggests that the debtor did not attempt to obtain counseling prepetition, as required to qualify for waiver, but instead filed the petition with the intent of expeditiously seeking counseling postpetition. For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement

of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Although the imminent foreclosure sale described by the debtor may constitute an exigent circumstance within the meaning of 11 U.S.C. § 109(h)(3)(A)(i), the debtor has failed adequately to describe any prepetition request for credit counseling

services from an approved non-profit budget and credit counseling agency, and he has likewise failed to explain why he was unable to obtain the necessary services within seven days of making such a request.  It thus appearing that the debtor is ineligible for waiver, it is

   ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.  It is further

   ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

                                        [Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee.